```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
                                    :    21-cr-88 (JSR)
        -v-                         :
                                    :    ORDER
CELVIN FREEMAN,                     :
                                    :
        Defendant.                  :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Defendant Celvin Freeman and three co-defendants were indicted for conspiracy to commit wire fraud, wire fraud, conspiring to commit money laundering, conspiracy to receive stolen money, and receipt of stolen money. ECF No. 2. On February 22, 2021, the Court ordered Freeman committed to the custody of the United States Marshals Service pending trial. ECF No. 18. The Court found, inter alia, that Freeman had strong ties to his native country of Ghana and was seemingly without lawful status in the U.S., played an apparently substantial role in a conspiracy involving significant amounts of money and numerous false statements, and would be facing potentially lengthy prison time if convicted. Given these and other factors, the Court ordered Freeman be detained because the Government had "overwhelmingly" established "a substantial risk of flight."

Now before the Court is Freeman's motion for reconsideration of bail. See ECF No. 48. The Court takes very seriously a

1

defendant's constitutional right to bail, and on October 20, 2021, the Court held a hearing and heard oral argument on the motion.

The defense raised two points not previously before the Court. First, defense counsel asserted that based on her review of the discovery produced after the previous bail hearing, there is greater indicia of legitimacy to Freeman's business activities than the Court may have previously inferred. Second, Freeman provided a personal statement attempting to convey that his immigration status and presence in the United States were less problematic than the Court may have originally assumed.

In response to the first point, the Government proffered that its evidence shows that Freeman opened eight bank accounts in succession, despite some of the accounts being closed due to fraud, and that Freeman repeatedly accepted transfers of nontrivial sums of money from complete strangers. Defense counsel was unable to provide convincing alternative reasons for why Freeman did so. As to the second point, when Freeman was initially arrested, he tried to flee, and a debit card and driver's license for another individual were found in Freeman's wallet. Again, defense counsel was unable to provide a convincing reason for why Freeman fled or why he had another person's debit card and driver's license in his wallet. Both points confirm the Court's previous finding that there is a very substantial risk of flight in this case, and that there

is no combination of conditions that will ensure Freeman's presence at trial and these proceedings other than detention.

    Accordingly, Freeman's motion is denied. The Clerk is directed to close the entry at docket number 48.

    SO ORDERED.

Dated:   New York, NY
           October 22, 2021       _____
                                        JED S. RAKOFF, U.S.D.J.