UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------- x
                                           :
UNITED STATES OF AMERICA                    :
                                           :    CONSENT PRELIMINARY ORDER
            - v. -                         :    OF FORFEITURE/
                                           :    MONEY JUDGMENT
FREEMAN CELVIN,                             :
    a/k/a "Celvin Freeman,"                 :    S1 21 Cr. 88 (JSR)
                                           :
                 Defendant.                 :
                                           :
-------------------------------- x

        WHEREAS, on or about February 16, 2022, FREEMAN CELVIN, a/k/a "Celvin

Freeman" (the "Defendant"), was charged in a seven-count Superseding Indictment, S1 21 Cr. 88

(JSR) (the "Indictment"), with conspiracy to commit wire fraud, in violation of Title 18, United

States Code, Section 1349 (Count One); wire fraud, in violation of Title 18, United States Code,

Sections 1343 and 2 (Count Two); money laundering conspiracy, in violation of Title 18, United

States Code, Section 1956(h) (Count Three); conspiracy to receive stolen money, in violation of

Title 18, United States Code, Section 371 (Count Four); receipt of stolen money, in violation of

Title 18, United States Code, Sections 2315 and 2 (Count Five); conspiracy to operate an

unlicensed money transmitting business, in violation of Title 18, United States Code, Section 371

(Count Six); and operation of an unlicensed money transmitting business, in violation of Title 18,

United States Code, Sections 1960 and 2 (Count Seven);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two,

Four, and Five of the Indictment, seeking forfeiture to the United States, pursuant to Title 18,

United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of

any and all property, real and personal, which constitutes or is derived from proceeds traceable to

the commission of the offenses charged in Counts One, Two, Four, and Five of the Indictment,

including but not limited to a sum of money in United States currency representing the amount of

proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, and Five of the Indictment;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Three, Six, and Seven of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offenses charged in Counts Three, Six, and Seven of the Indictment, and any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offenses charged in Counts Three, Six, and Seven of the Indictment;

WHEREAS, on or about March 30, 2022, the Defendant was found guilty, following a jury trial, of Counts One through Seven of the Indictment;

WHEREAS, the Government asserts that \$290,604.15 in United States currency represents the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Indictment that the Defendant personally obtained, and the amount of property involved in the offenses charged in Counts Three, Six, and Seven of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of \$290,604.15 in United States currency, representing: (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Indictment that the Defendant personally obtained; and (ii) pursuant to Title 18, United States Code, Section 982(a)(1), the amount of property involved in the offenses charged in Counts Three, Six, and Seven of the Indictment; and

2

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Indictment that the Defendant personally obtained, and the amount of property involved in the offenses charged in Counts Three, Six, and Seven of the Indictment, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Sagar K. Ravi, Katherine Reilly, and Mitzi Steiner, of counsel, and the Defendant FREEMAN CELVIN, and his counsel Camille M. Abate, Esq., that:

1. As a result of the offenses charged in Counts One through Seven of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of $290,604.15 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Five of the Indictment that the Defendant personally obtained, and the amount of property involved in the offenses charged in Counts Three, Six, and Seven of the Indictment, shall be entered against the defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, FREEMAN CELVIN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

3

Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5.      Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

6.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7.      The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

4

8.      The signature page of this Consent Preliminary Order of Forfeiture/Money

Judgment may be executed in one or more counterparts, each of which will be deemed an original

but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
      Sagar K. Ravi
      Katherine Reilly
      Mitzi S. Steiner
      One Saint Andrew's Plaza
      New York, NY 10007
      Tel.: (212) 637-2195 / 6521 / 2284

$\frac{10/20/22}{\text{DATE}}$

FREEMAN CELVIN

By: _____
      Freeman Celvin

$\frac{10/20/2022}{\text{DATE}}$

By: _____
      Camille M. Abate, Esq.
      333 Park Avenue South, Suite 3A
      New York, New York 10010

$\frac{10/20/2022}{\text{DATE}}$

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

$\frac{10/20/22}{\text{DATE}}$