UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

CELVIN FREEMAN,

Defendant.

---

21-cr-88-3 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.:

On March 30, 2022, a jury convicted defendant Celvin Freeman of wire fraud conspiracy, wire fraud, money laundering conspiracy, conspiracy to receive stolen money, receipt of stolen money, conspiracy to operate an unlicensed money transmitting business, and operation of an unlicensed money transmitting business. ECF No. 89. On October 20, 2022, the Court sentenced Freeman, inter alia, to 78 months of imprisonment. ECF No. 128. On January 24, 2024, Freeman moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) because of the recent and retroactively applicable Amendment 821 to the Federal Sentencing Guidelines. See ECF Nos. 145-47. The Government agrees that Freeman qualifies for a sentence reduction on that basis. See ECF No. 151.

The Court agrees as well. Based on the Federal Sentencing Guidelines applicable at the time that Freeman was initially sentenced, his total offense level was 28 and, given his criminal history category of I, his Guidelines sentencing range was 78 to 97 months of imprisonment. See ECF No. 141 (revised final

1

presentence investigation report). But because Freeman had zero criminal history points, his total offense level under the Federal Sentencing Guidelines is now retroactively reduced under Amendment 821 from 28 to 26, meaning that his amended Guidelines range is 63 to 78 months of imprisonment. Id.; see U.S.S.G. § 4C1.1(a). On April 15, 2024, the Court issued an order requiring the Government to "notify victims that, should they wish to be heard about a potential sentence reduction, they may provide written submissions to the Court by April 29, 2024." ECF No. 153. The Court received no such submissions.

Having considered anew the factors set forth in 18 U.S.C. § 3553(a), the Court now concludes, in light of the parties' submissions and agreement that Freeman may receive a sentence reduction, that the appropriate sentence is 63 months of imprisonment.[1] While most of the § 3553(a) factors and their application remain unchanged from when the Court initially sentenced Freeman, the Court now places greater weight on "the

---

[1] Freeman's previous sentence consisted of 78 months of imprisonment, concurrent, for each of counts 1, 2, 3, and 5, as well as 60 months of imprisonment for each of counts 4, 6, and 7, to be served concurrently on those counts and concurrently with the sentence imposed on counts 1, 2, 3, and 5. ECF No. 128. Following the same structure, Freeman's now-reduced sentence shall consist of 63 months of imprisonment, concurrent, for each of counts 1, 2, 3, and 5, as well as 60 months of imprisonment for each of counts 4, 6, and 7, to be served concurrently on those counts and concurrently with the sentence imposed on counts 1, 2, 3, and 5. Aside from the term of imprisonment, all other aspects of Freeman's sentence remain the same.

history and characteristics of the defendant" and "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." Id. § 3553(a)(1); see, e.g., United States v. Amato, 48 F.4th 61, 66 (2d Cir. 2022) (per curiam) (recognizing the role and discretion of the district court to weigh certain § 3553(a) factors more heavily than others in a particular case). Given Freeman's status as a first-time offender and the lack of any argument from the Government that his initial sentence is necessary to protect the public from him, the Court does not believe that Freeman poses a high risk of recidivism. In other words, neither Freeman's history nor what evidence suggests about Freeman's future continues to require a 78-month term of imprisonment. Moreover, the Court recognizes that, because of the Guidelines amendment, defendants with zero criminal history points are now likely to receive, on average, lower sentences. The Court is thus also mindful that "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" further counsels in favor of reducing Freeman's sentence. 18 U.S.C. § 3553(a)(6).

Accordingly, the Court determines that a sentence of 63 months of imprisonment, in addition to all other aspects of Freeman's sentence that the Court previously imposed, is "sufficient, but not greater than necessary" to effectuate the purposes and mandates of § 3553(a).

SO ORDERED.

New York, NY  
May __, 2024

_____  
JED S. RAKOFF, U.S.D.J